# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-1917V
UNPUBLISHED

| | |
|---|---|
| JILL J. SPARKMAN, as personal representative of ESTATE OF KENNETH W. JACKMAN,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: November 15, 2022<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Jane Ann Morrow, Otorowski, Johnston, et al., Bainbridge Island, WA*, for Petitioner.

*Mary Eileen Holmes, U.S. Department of Justice, Washington, DC*, for Respondent.

### DECISION AWARDING DAMAGES[1]

On September 27, 2021, former Petitioner Jo Ellen Jackman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), on behalf of her disabled and incompetent spouse, Kenneth W. Jackman. Ms. Jackman alleged that Mr. Jackman suffered Guillain-Barré Syndrome ("GBS") caused by the influenza vaccine he received on October 28, 2020. Petition at 1, ¶¶ 9(b), (i), 18. After Mr. Jackman's passing, Jill J. Sparkman, as personal representative of Mr. Jackman's estate, was substituted in as Petitioner. ECF No. 32. The case was assigned to the Special Processing Unit of the Office of Special Masters. ECF No. 37.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 15, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. In this case, Respondent filed a combined Rule 4(c) Report and Proffer on award of compensation ("Rule 4(c) Report and Proffer") indicating Petitioner should be awarded $279,440.19, representing $250,000.00 for pain and suffering and $29,440.19 in past unreimbursed expenses, and $34,115.00 representing reimbursement of a Medicaid lien. Rule 4(c) Report and Proffer at 7. Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Rule 4(c) Report and Proffer.

Pursuant to the terms stated in combined Rule 4(c) Report and Proffer,[3] **I award $313,555.19 as follows:**

1. **A lump sum payment of $279,440.19, representing $250,000.00 for pain and suffering and $29,440.19 for actual unreimbursable expenses in the form of a check payable to Petitioner, as legal representative of the estate of Kenneth W. Jackman; and**

2. **A lump sum payment of $34,115.00, representing reimbursement of a Medicaid lien for services rendered to Mr. Jackman, in the form of a check payable jointly to Petitioner and Prestige Care, and mailed to:**

Prestige Care, Inc.
Attention: Merrideth Malone
Re: Clarkston-PRSTG/23789
7700 SE Parkway Dr., Ste 300
Vancouver, WA 98668-6654.

Rule 4(c) Report and Proffer at 6. Petitioner agrees to endorse the check to Prestige Care for satisfaction of the Medicaid lien. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id.*

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Because the Rule 4(c) Report and Proffer contains detailed medical information, it will not be filed as an attachment to this Decision.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.