# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1917V
(not to be published)

| | |
|---|---|
| JILL J. SPARKMAN, *as personal representative of* KENNETH W. JACKMAN, | Chief Special Master Corcoran |
| Petitioner, | Filed: April 6, 2023 |
| v. | Special Processing Unit (SPU); Attorney's Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Jane Anne Morrow, Otorowski, Johnson, et. al., Bainbridge Island, WA , for Petitioner.*

*Mary Eileen Holmes, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 27, 2021, this petition for compensation was filed under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), on behalf of Kenneth W. Jackman. Petitioner alleged that Mr. Jackman suffered Guillain-Barré syndrome caused by the influenza vaccine he received on October 28, 2020. Petition at 1, ¶¶ 9(b), (i), 18. On November 15, 2022 a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 50.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

Petitioner has now filed a motion for attorney's fees and costs, dated December 29, 2022 (ECF No. 55), requesting an award of $53,130.87 (representing $48,499.75 in fees and $4,631.12 in costs). Additionally, Petitioner requests billing "anticipated future attorney and paralegal time" in the amount of $1,025.00. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out of pocket expenses. *Id.* at 2. Respondent reacted to the motion on January 12, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. ECF No. 59. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

A.  <u>Hourly Rates</u>

Petitioner requests compensation for her attorney, Jane Anne Morrow, at the following rates: $450 for time billed in 2020; $480 per hour for 2021; and $500 for time in 2022. ECF No. 55 at 3. The requested rate for 2020 has been previously awarded and will be awarded in this matter as well. For the time billed in 2021 and 2022, I find the requested rate increases to be reasonable and award them herein.

B .  <u>Administrative Time</u>

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 1.7 hours was billed by paralegals on tasks considered administrative including, sending documents

- January 12, 2021 (3.0 hrs) "SEND REQUEST FOR RECORDS: (X10 Identified Above)";

- September 27, 2021 (2.25 hrs) "Prepare Initial Petitioner Documents for hard copy USPS service on HHS";

- October 20, 2021 (0.20 hrs) "Repair PDF to CM/ECF Standards (Unable to upload) – Doc 29 – 1";

- April 22, 2022 (1.20 hrs) "Prepare for ECF filing: EXHIBIT 27: Medical Records: PRESTIGE CARE & REHABILITATION (Repair PDF TO ECF standards)"; and

- August 18, 2022 (1.70 hrs) "Serve Demand to HHS (Email & USPS Priority).

ECF No. 55-1 at 4, 6, 8 and 9.

3

Because the Program does not reimburse such administrative tasks, I will reduce the amount of attorney fees awarded by **$2,091.25**. [2]

C. Future Fees Not Yet Incurred

Petitioner is requesting $500 in "anticipated future attorney time," and $525 in "anticipated paralegal time". ECF No. 55 at 5. These amounts are listed as necessary for payment of time for potential correspondence with attorneys, disbursement of payments, and preparing any additional documents. Although Respondent did not object to Petitioner's request, I must deny such fees. It is well-established in the Vaccine Program that a claimant "is not entitled to recover any and all costs that may be incurred in the future, regardless of the reason for the expenditure." *Crespo on behalf of N.S. v. Sec'y of Health & Hum. Servs.*, 139 Fed. Cl. 231, 236 (2018). Since these fees have yet to be literally incurred, they may not be awarded, since they are speculative. The amount of attorney fees to be awarded is reduced by **$1,025.00**.

**ATTORNEY COSTS**

Petitioner requests $4,206.62 in overall costs. ECF No. 55-3. This amount is comprised of obtaining medical records, shipping, copies and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable with a few exceptions where costs have not been substantiated with supporting documentation. These costs are:

- August 15, 2022 – JWS WILEY PUBLISHERS MEDICAL LITERATURE
- Medical Literature IOS Petitioner Demand - $64.43
- August 16, 2022 – Postage USPS Prepaid Postage Service - $11.20

*Id.* at 2-3

As these costs have no supporting documentation they will not be reimbursed. This reduced the amount of costs to be awarded by **$75.63**.

---

[2] This amount is calculated as follows: ($170 x 7 hrs = $1,190) + ($175 x 5.15 hrs = $901.25) = $2,091.25.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$49,514.49** (representing $45,383.50 in fees and $4,130.99 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.